**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SCOTT PHILLIP LEWIS,

Plaintiff,

v. 8:24-cv-00535 (AMN/DJS)

TOWN OF ELIZABETHTOWN,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

### I. INTRODUCTION

On April 18, 2024, Plaintiff *pro se* Scott Phillip Lewis commenced this action pursuant to 42 U.S.C. 1983 ("Section 1983") alleging that Defendant Town of Elizabethtown violated his First and Fourteenth Amendment rights. Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 4.

This matter was referred to United States Magistrate Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on May 31, 2024, recommended that the Complaint be dismissed with leave to amend. Dkt. No. 5 ("Report-Recommendation"). Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-

Recommendation within fourteen days would preclude appellate review. *Id.* at 6-7.[1] After requesting and receiving an extension of time to file objections, Plaintiff did so. Dkt. Nos. 6-8.

For the reasons set forth below, the Court rejects Plaintiff's objections and adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) advisory committee's notes to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no

---

[1] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and the legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision.

As described in the Report-Recommendation, the essence of the Complaint is that Plaintiff brought his computers to observe a court proceeding to which he was not a party and was,

eventually, "kicked out of the courtroom" given concerns that he was recording the proceeding. Dkt. No. 5 at 3-4. Plaintiff raises one objection to the Report-Recommendation: that the finding by Magistrate Judge Stewart that the Complaint did not allege an unconstitutional policy or custom by Defendant "is simply preposterous." Dkt. No. 8 at 1. Plaintiff goes on to argue that he "had every right to attend the court hearing" and that "[t]he custom and policy of removing those who wish to report the truth was properly alleged." *Id.* Following *de novo* review, the Court concludes that the Report-Recommendation correctly found that the Complaint fails to allege an unconstitutional policy or custom by Defendant. Dkt. No. 5 at 4-6 (citing, *inter alia*, *Monell v. Dep't. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978)).

Accordingly, the Report-Recommendation is adopted in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 5, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**;[2] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

---

[2] Any amended pleadings must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: July 11, 2024
Albany, New York

Anne M. Nardacci
U.S. District Judge

[3] The Clerk has previously provided Plaintiff with copies of all unreported decisions herein.